## L. M. Thomas v. The State.

No. 13542.   Delivered October 8, 1930.
Rehearing denied November 5, 1930.
Reported in 31 S. W. (2d) 1080.

The opinion states the case.

*G. H. Crane* of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Fraudulently receiving and concealing stolen property is the offense; penalty, a fine of $50.00 and confinement in the county jail for a period of 15 days.

It is charged that the theft was committed by Levi Washington.

The court instructed the jury that as a predicate for a conviction it must appear from the evidence to the satisfaction of the jury, beyond a reasonable doubt, that the property was acquired by theft and that the accused, *knowing* it to have been stolen, received and concealed it.   Following this the court said:

"If either one of these two essential elements is wanting, then the defendant cannot be convicted, and is entitled to be acquitted."

Following the above this appears:

"Belief without actual knowledge is sufficient to sustain the charge."

Later in the charge the court instructed the jury thus:

"And you further believe from the evidence, beyond a reasonable doubt, that said property was acquired by theft and that the defendant *knew* that said property was acquired by theft * * * a conviction might result."

A proper charge on the presumption of innocence and reasonable doubt was embraced in the court's charge.

There was an exception to the charge because of the use of the words quoted above, namely, "belief without actual knowledge is sufficient to sustain the charge." No corrective special charge was presented. It is a rule of practice that in the trial of a misdemeanor case, faults in the charge which can be corrected should be pointed out in an exception to the charge, and in addition thereto a special charge correcting the faults should be presented. The charge, taken as a whole, in the present case, indicates that the use of the language mentioned was by inadvertence and that the jury was made to understand that the appellant's conviction could not be supported unless at the time he received the property he had actual knowledge that it was stolen. The evidence is not before this court, but it may have been of a nature so conclusive that no verdict other than that in the present case could have been rendered. The motion for new trial was overruled and the presumption on appeal is in favor of the regularity of the court's ruling.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have examined the authorities cited in appellant's motion. They but sustain the proposition that it is necessary that the jury find, in a case wherein the charge is the receiving and concealing of stolen property, that the property alleged to have been stolen was acquired by theft; that the defendant knowing it to have been so acquired received and concealed the same. Both of these two essential elements were pointedly submitted in the court's charge, who also in his application of the law to the facts plainly told the jury that before they could convict they must believe beyond a reasonable doubt that the defendant knew the property was acquired by theft.

We can not accept statements in appellant's motion relative to the kind and character of argument or the manner of trial, in the absence of complaint of such things properly preserved and here

presented by bill of exception. It is manifest from the charge of the court that the party who sold or brought to appellant the alleged stolen property on the occasion in question, testified for the State. The information charged that appellant received the stolen property from Levi Washington, who had theretofore stolen it. The charge of the court referred to Levi Washington as an accomplice and instructed the jury regarding the testimony of such accomplice. We are forbidden to reverse cases on matters in the charge, unless we believe that such charge is one which might injure the rights of the accused. Of course we do not know, in the absence of a statement of facts, what Levi Washington testified to, and are therefore unable to determine whether the charge of the court referred to in the original opinion and again attacked in the motion, could have injuriously affected appellant's rights. Presumptions along this line are indulged in favor of the regularity of the action of the trial court, and are not indulged against it.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.